UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF MAPLEWOOD, MISSOURI, ) ) Plaintiff, ) ) vs. ) ) NORTHLAND CASUALTY COMPANY, ) ) and ) ) COLUMBIA CASUALTY COMPANY, ) ) and ) ) ILLINOIS UNION INSURANCE ) COMPANY, ) ) Defendants. ) ) | Case No.<br><br>Removed from St. Louis County Circuit Court, Cause No. 10SL-CC04893<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

COMES NOW Defendant Columbia Casualty Company ("Columbia"), by and through its attorneys, and gives notice that the case of <u>The City of Maplewood, Missouri v. Northland Casualty Company, Columbia Casualty Company, and Illinois Union Insurance Company</u>, initiated in the St. Louis County Circuit Court, Missouri, on or about December 3, 2010, and assigned Cause No. 10SL-CC04893, has on this 25th day of March, 2011, been removed to the United States District Court for the Eastern District of Missouri. As grounds for removal, Columbia states:

1. On December 3, 2010, The City of Maplewood, Missouri initiated this case by filing a Petition in the St. Louis County Circuit Court, Missouri, in an action titled <u>The City of Maplewood, Missouri v. Northland Casualty Company, Columbia Casualty Company, and</u>

Illinois Union Insurance Company, and there designated as Cause No. 10SL-CC04893. Columbia was served on or about February 23, 2011.

2.   A copy of the court's file from the St. Louis County Circuit Court is attached hereto as Exhibit A. No further proceedings have been had in this action, nor have any other processes, pleadings, or orders been served on any Defendant.

3.   This notice is filed within the time permitted under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) for removal following Columbia's receipt of Plaintiff's Petition setting forth its claims for relief.

4.   Removal of this action is proper under 28 U.S.C. § 1441. This is a civil action brought in state court, and this Court has original jurisdiction over the action under 28 U.S.C. § 1332 since Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000. Venue is proper under 28 U.S.C. § 1441(a) for purposes of this removal because this Court is the United States District Court for the district and division embracing the place where the state action was pending.

5.   Said cause of action is not an action described in 28 U.S.C. § 1445.

## DIVERSITY OF CITIZENSHIP EXISTS

6.   This Court has original jurisdiction over this action under 28 U.S.C. § 1332 by reason of diversity of citizenship between the parties, in that the Defendants are now, and were at the time this action was commenced, diverse in citizenship from Plaintiff.

7.   Plaintiff is a city located in St. Louis County, Missouri. *See* Petition, at ¶ 2. Accordingly, Plaintiff is a citizen of the State of Missouri for the purposes of assessing diversity jurisdiction.

8.  Northland Casualty Company is a Minnesota corporation with its principal place of business in Minnesota. *See* Petition, at ¶ 3. Accordingly, Northland Casualty Company is a citizen of the State of Minnesota for purposes of assessing diversity jurisdiction.

9.  Columbia Casualty Company is an Illinois corporation with its principal place of business in Illinois. *See* Petition, at ¶ 4. Accordingly, Columbia Casualty Company is a citizen of the State of Illinois for purposes of assessing diversity jurisdiction.

10.  Illinois Union Insurance Company, upon information and belief and according to Plaintiff's Petition, is an Illinois corporation with its principal place of business in Pennsylvania. *See* Petition, at ¶ 5. Accordingly, Illinois Union Insurance Company is a citizen of the States of Illinois or Pennsylvania for purposes of assessing diversity jurisdiction.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11.  The amount in controversy is satisfied for diversity jurisdiction. Plaintiff seeks recovery of "all defense costs" it has incurred in defending Ellen Wallingsford's claims, consequential and compensatory damages, interest, costs, and attorneys' fees in this case. Petition, at Counts I, II, and III. Plaintiff specifically identifies three claims for which it seeks recovery of its defense costs:

> a.  A discrimination charge filed on April 11, 2003 with the Missouri Commission on Human Rights and the EEOC, referred to by Plaintiff as the "2003 Suspension Claim" in paragraphs 17-19 of the Petition;
>
> b.  A Title VII gender discrimination claim filed on January 12, 2004 in the Federal District Court for the Eastern District of Missouri, referred to by Plaintiff as the "2004 Environment Claim" in paragraphs 20-22 of the Petition;
>
> c.  Constructive discharge, wrongful discharge, and retaliation claims filed on March 29, 2006 in St. Louis County (Cause No. 2106CC-01286), referred to by Plaintiff as the "2006 Discharge Claim" in paragraphs 23-25, that Plaintiff claims includes her 2003 Suspension Claim, 2004 Environment Claim, and 2006 Discharge Claim. Upon review of the case history available on the Missouri state court's tracking system, summary

judgment was entered in favor of the City of Maplewood on January 28, 2008. Ellen Wallingsford appealed this ruling to the Missouri Court of Appeal for the Eastern District (No. ED90952) on February 7, 2008, which affirmed the trial court's judgment on October 28, 2008, and the Missouri Supreme Court (No. SC89862) on January 5, 2009, which reversed and remanded the case on June 30, 2009. The matter remains pending in St. Louis County Circuit Court as Cause No. 2106CC-01286-01.

Plaintiff refers to the amount it claims to have been damages as a "great and ongoing expense." *See* Petition, ¶¶ 32, 37, 42. Plaintiff alleges that it submitted the 2006 Discharge Claim filed in state court to all of the defendants seeking its coverage and defense for these claims. Petition, at ¶ 26.

12. The amount in controversy is met for diversity jurisdiction "when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* (emphasis added).

13. Because Plaintiff is seeking recovery of defense costs for claims brought over an eight year period, including lengthy, and surely costly, appeals all the way to the Missouri Supreme Court, along with consequential damages, compensatory damages, and attorneys' fees in this case, the amount in controversy exceeds $75,000.00.

14. Plaintiff's claims meet the amount in controversy requirement, and the Court has diversity jurisdiction over this case.

### FILING OF PAPERS

15. Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel, as required by law.

16.     A true and correct copy of this notice of removal will be filed with the Clerk for the St. Louis County Circuit Court, Missouri, as required by law.

17.     Neither this same cause, nor a substantially equivalent complaint, has been previously filed in this Court, and therefore may be opened as an original proceeding. The Original Filing Form is attached hereto as Exhibit B.

18.     The Civil Cover Sheet is attached hereto as Exhibit C.

19.     Copies of Defendants Northland Casualty Company and Illinois Union Insurance Company's consents to removal are attached hereto as Exhibit D.

WHEREFORE Defendant Columbia Casualty Company hereby gives notice that the above action initiated in the St. Louis County Circuit Court, Missouri, is hereby removed to the United States District Court for the Eastern District of Missouri for the reasons stated above.

Respectfully submitted,

By: /s/ Daniel P. O'Donnell, Jr.
    Kelley F. Farrell, #43027MO
    Daniel P. O'Donnell, Jr., #59970MO
    120 South Central Avenue, Suite 1800
    St. Louis, Missouri 63105
    (314) 854-8600
    (314) 854-8660 Facsimile
    kff@carmodymacdonald.com
    dpo@carmodymacdonald.com

ATTORNEYS FOR DEFENDANT
COLUMBIA CASUALTY COMPANY

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by the court's electronic filing system and/or U.S. Mail, first class, postage prepaid, on this 25th day of March, 2011, to:

Geoffrey G. Gerber
Peter W. Salsich
The BrickHouse Law Group, P.C.
1006 Olive Street, Suite 303
St. Louis, MO 63101
ggerber@brickhouselaw.com
psalsich@brickhouselaw.com
Attorneys for Plaintiff

Laurence R. Tucker
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108
lrtucker@armstrongteasdale.com

and

Chad D. Silker
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
csilker@armstrongteasdale.com
Attorneys for Northland Casualty Company


/s/ Daniel P. O'Donnell, Jr.