UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF MAPLEWOOD, MISSOURI, <br><br> Plaintiff, <br><br> v. <br><br> NORTHLAND CASUALTY CO., et al., <br><br> Defendants. | ) ) ) ) ) ) Case No. 4:11-cv-00564-RWS ) ) ) ) ) |

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS
IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT NORTHLAND CASUALTY COMPANY**

Plaintiff City of Maplewood, Missouri (the "City"), in accordance with Local Rule 7-4.01(D), hereby submits this response to Defendant Northland Casualty Company's Statement of Uncontroverted Material Facts ("Northland's Statement") (Doc. 39):

The City does not contest Northland's Statement.

The City submits the following additional uncontroverted material facts:

**The 2004 Federal Lawsuit**

1. The federal court lawsuit filed on January 12, 2004 and identified in paragraph 19 of Defendant's Statement is *Wallingsford v. City of Maplewood*, Case No. 4:04-cv-0041 TCM (E.D.Mo.) (the "2004 lawsuit").

2. A copy of the Complaint in the 2004 lawsuit has been marked as Exhibit E (Doc. 33-5) to the Affidavit of Kari Ann Timm (Doc. 33) filed in support of Illinois Central's motion for summary judgment (Doc. 30).

3. On February 2, 2004, the City filed a motion to strike paragraph 16 of the Complaint in the 2004 lawsuit on the ground "that Plaintiff has failed to exhaust her

administrative remedies with respect to the allegations contained therein." A copy of that motion (including Exhibit A to that motion) is attached to this Statement as Exhibit 1. (The motion is Document 4 in the District Court's file for the 2004 lawsuit.)

4. The City's motion stated that Ms. Wallingsford had filed her charge of discrimination in April of 2003 (the "2003 EEOC Charge"), and copy of which it attached as Exhibit A to that motion[1].

5. However, the City argued, Ms. Wallingsford's complaint in the 2004 lawsuit "has alleged twelve kinds of conduct which she claims were discriminatory. Of those twelve kinds of conduct, all but one is neither directly nor indirectly referenced in her charge of discrimination filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC")." (Ex. 1 at 1.) Those eleven wrongful acts not referenced in the 2003 EEOC Charge were set forth in paragraph 16 of the Complaint.

6. On May 12, 2004, Magistrate Judge Thomas C. Mummert III issued a Memorandum and Order granting the City's motion to strike paragraph 16 of the Complaint. A copy of that Memorandum and Order, which is Document 13 in the 2004 lawsuit, is attached to this Statement as Exhibit 2.

7. As the Court explains, the City had moved to strike paragraph 16 of the Complaint on the ground that the allegations in that paragraph were not included in the employment discrimination charge Ms. Wallingsford filed with the EEOC in 2003 (and identified in paragraph 18 of Defendant's Statement).

8. In ruling on the motion, the Court first pointed out the actual wrongful acts set forth in the 2003 EEOC charge: Ms. Wallingsford's "suspension and the basis for [her] belief

---

[1] This is the same 2003 EEOC Charge referenced in paragraph 18 of Northland's Statement.

2

that it was because of her sex, are the subjects of paragraphs 14 and 15 of her complaint." (Ex. 2 at 2.)

9. The Court then explained that Paragraph 16 of the Complaint asserted wrongful acts *not* included in the 2003 EEOC charge. Accordingly, the Court struck paragraph 16 on the following ground (Doc. 13 at 5-6):

> In the instant case, Plaintiff filed an EEOC charge alleging a discrete adverse employment action, a suspension, on a specific date, December 18, 2002. She did not check the box labeled "continuing action." Her narration of the discriminatory act refers to being suspended by a specific supervisor for allegedly failing to perform a specific act—report an officer for taking evidence. In paragraph 16 [of her Complaint], however, Plaintiff alleges there was a "pattern" of discrimination. Further allegations illustrate this pattern. Some of these allegations are of actions that are repeated over a period of time, *e.g.*, not being promoted, being yelled at, and receiving low scores on evaluations, and some are discrete acts, *e.g.*, being accused of driving while intoxicated. These allegations of a pattern of discriminatory acts by various people do not grow out of nor are they reasonably related to the investigation and conciliation of the EEOC charge that Plaintiff was suspended on December 18, 2002, because of her sex. See *Gibson v. Kas Snacktime Co.,* 83 F.3d 225, 229 (8th Cir. 1996) (holding that a hostile work environment charge alleging continued racial harassment is not related to the claim of a discrete act of demotion).

10. Paragraph 16 thus alleged "wrongful acts" that were not included in the 2003 EEOC charge, and the Court struck that paragraph from the pleadings in the 2004 Lawsuit, leaving only those wrongful acts claimed in the 2003 EEOC charge.

11. A few months later, Ms. Wallingsford dismissed the 2004 lawsuit pursuant to a Stipulation of Dismissal signed by attorneys for Ms. Wallingsford and the City. (Illinois Union Statement of Uncontroverted Material Facts ¶ 8 and Ex. K to Timm Affidavit (Doc. 32 at 3; Doc 33-11).)

**The Underlying Lawsuit**

12.     The current petition in the Missouri Circuit Court lawsuit identified in paragraph 20 of Defendant's Statement (the "Underlying Lawsuit") is the First Amended Petition filed on March 30, 2007. (Ex. 2 to Corcoran Affidavit (Doc. 44-3).)

13.     Count I of that First Amended Petition sets forth the same allegations that originally were set forth in the 2003 EEOC charge and later in paragraphs 14 and 15 of the Complaint in the 2004 federal lawsuit.

14.     Count II of that First Amended Petition alleges the subsequent wrongful acts that were alleged in the same paragraph 16 that Judge Mummert struck from the Complaint in the 2004 lawsuit.

15.     Counts III through V of that First Amended Petition contain allegations and claims based on alleged wrongful acts that occurred after the filing of the Complaint in the 2004 federal lawsuit.

16.     On December 23, 2011, the Court in the Underlying Action entered judgment granting the City's motion for summary judgment as to Count I of the First Amended Petition and denying summary judgment as all the other counts. (Plaintiff's Statement of Controverted and Uncontroverted Facts in Response to Illinois Union's Motion for Summary Judgment ¶ 26 and Ex. 1 thereto (Doc. 44-4).)

17.     Accordingly, the allegations of wrongful acts set forth in the 2003 EEOC charge have now been dismissed from the Underlying Lawsuit.

        Respectfully Submitted,

By:   *Michael A. Kahn*
     Geoffrey G. Gerber (#47097MO)
     ggerber@brickhouselaw.com
     Peter W. Salsich, III (#44886MO)
     psalsich@brickhouselaw.com
     Michael A. Kahn (#35411MO)
     mkahn@brickhouselaw.com
     The BrickHouse Law Group
        Professional Corporation
     1006 Olive Street, Ste. 303
     St. Louis, MO 63101
     (314) 932-1070
     Fax: (314) 932-1078

*Attorneys For Plaintiff City of Maplewood*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 17th day of February, 2012 on all counsel of record.

        */s/ Michael A. Kahn*