UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF MAPLEWOOD, MISSOURI, <br><br> Plaintiff, <br><br> v. <br><br> NORTHLAND CASUALTY CO., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) )  Case No. 4:11-cv-00564-RWS |

**PLAINTIFF'S STATEMENT OF CONTROVERTED AND UNCONTROVERTED FACTS IN RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT COLUMBIA CASUALTY COMPANY**

Plaintiff City of Maplewood, Missouri (the "City"), in accordance with Local Rule 7-4.01(D), hereby submits this response to Defendant Columbia Casualty Company's Statement of Uncontroverted Material Facts ("Columbia's Statement") (Doc. 53).

**Responses To Columbia's Statement**

1. Admit.

2. Admit.

3. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the 36-page insurance policy (the "Policy") attached as Exhibit 1 to Columbia's Statement (Doc. 53-1) but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

4. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

5. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

6. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

7. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

8. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

9. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

10. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

11. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

12. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

13. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

14. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

15. Admit in part, deny in part. The City admits that Columbia has accurately quoted isolated excerpts from the Policy but denies that these excerpts, read in isolation, accurately convey the substance of the Policy.

16. Admit.

17. Denied. Ms. Wallingsford was never suspended. The December 18, 2002, letter from Police Chief James P. White merely states that he is *recommending* to the City Manager that she be suspended for three days. It is undisputed by all, including Ms. Wallingsford, that the City Manager did not act on that recommendation and Ms. Wallingsford was not suspended.

18. Denied. The referenced letter (which Columbia Casualty fails to attach) makes no mention of the word "discrimination."

19. Admit.

20. Admit.

21. Admit.

22. Admit.

3

23. Admit in part, deny in part. The City admits that Ms. Wallingsford filed suit against the City in U.S. District Court for the Eastern District of Missouri on January 12, 2004, and that Exhibit 8 is an accurate copy of the Complaint, Civil Cover Sheet and related initial filing materials. To the extent that Columbia Casualty attempts to suggest in the second sentence of Paragraph 23 of Columbia's Statement that the allegations of discrimination in the Complaint mirror the allegations in her charge of discrimination filed with the MCHR and the EEOC, the City denies the second sentence of Paragraph 23 and directs the Court's attention to paragraph 16 of that Complaint and to paragraphs 1 through17 of the City's Statement of Additional Uncontroverted Facts below.

24. Admit.

25. Admit that Ms. Wallingsford resigned in August of 2004, deny that she resigned in August 16, 2004, and further state that she actually resigned on August 30, 2004, as confirmed in her deposition.

26. Admit that Exhibit 11 is an accurate copy of the Petition that plaintiff filed in the Circuit Court of St. Louis County on March 29, 2006. The City denies that the remainder of Paragraph 26 of Columbia's Statement accurately summarizes that Petition, which is the best evidence of its contents. For example, the claim of hostile work environment was actually asserted two years earlier in Ms. Wallingsford's 2004 federal complaint. See, ¶ 16 of Exhibit 8 (Doc. 53-8 at ¶ 16).

27. Admit.

28. Admit.

**The City's Statement of Additional Uncontroverted Facts**

The City sets forth below certain additional uncontroverted facts. These 17 paragraphs are copied from Paragraphs 1 through 17 of the City's previously filed Statement of Uncontroverted Facts In Response to the Motion for Summary Judgment of Defendant Northland Casualty Company (Doc. 47.) To avoid filing duplicate materials, the various exhibits submitted with Document 47 in this case shall be identified by their existing Document number.

**The 2004 Federal Lawsuit**

1.      The federal court lawsuit filed on January 12, 2004 and identified in paragraph 23 of Columbia's Statement is *Wallingsford v. City of Maplewood*, Case No. 4:04-cv-0041 TCM (E.D.Mo.) (the "2004 lawsuit").

2.      A copy of the Complaint in the 2004 lawsuit has been marked as Exhibit 8 (Doc. 53-8) to Columbia's Statement.

3.      On February 2, 2004, the City filed a motion to strike paragraph 16 of the Complaint in the 2004 lawsuit on the ground "that Plaintiff has failed to exhaust her administrative remedies with respect to the allegations contained therein." A copy of that motion (including Exhibit A to that motion) is attached as Exhibit 1 to Court Document 47 in this case. (Doc. 47-1.) (The original of that motion to strike is Document 4 in the District Court's file for the 2004 lawsuit.)

4.      The City's motion to strike stated that Ms. Wallingsford had filed her charge of discrimination in April of 2003 (the "2003 EEOC Charge"), and copy of which it attached as Exhibit A to that motion.[1]

5.      However, the City argued, Ms. Wallingsford's complaint in the 2004 lawsuit "has alleged twelve kinds of conduct which she claims were discriminatory. Of those twelve kinds of

---

[1] This is the same 2003 EEOC Charge referenced in paragraph 19 of Columbia's Statement.

5

conduct, all but one is neither directly nor indirectly referenced in her charge of discrimination filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC")." (Doc. 47-1 at 1.) Those eleven wrongful acts not referenced in the 2003 EEOC Charge were set forth in eleven subparagraphs of paragraph 16 of the Complaint.

6. On May 12, 2004, Magistrate Judge Thomas C. Mummert III issued a Memorandum and Order granting the City's motion to strike paragraph 16 of the Complaint. A copy of that Memorandum and Order, which is Document 13 in the 2004 lawsuit, is attached to as Exhibit 2 to Document 47 in this case (Doc. 47-2).

7. As Judge Mummert explains, the City had moved to strike paragraph 16 of the Complaint on the ground that the allegations in that paragraph were not included in the employment discrimination charge Ms. Wallingsford filed with the EEOC in 2003 (and identified here in paragraph 19 of Columbia's Statement).

8. In ruling on the motion, Judge Mummert first pointed out the one wrongful act set forth in the 2003 EEOC charge: Ms. Wallingsford's "suspension and the basis for [her] belief that it was because of her sex, are the subjects of paragraphs 14 and 15 of her complaint." (Doc 47-2 at 2.)

9. The Court then explained that Paragraph 16 of the Complaint asserted wrongful acts *not* included in the 2003 EEOC charge. Accordingly, the Court struck paragraph 16 on the following ground (Doc. 47-2 at 5-6):

> In the instant case, Plaintiff filed an EEOC charge alleging a discrete adverse employment action, a suspension, on a specific date, December 18, 2002. She did not check the box labeled "continuing action." Her narration of the discriminatory act refers to being suspended by a specific supervisor for allegedly failing to perform a specific act—report an officer for taking evidence. In paragraph 16 [of her Complaint], however, Plaintiff alleges there was a "pattern"

6

of discrimination. Further allegations illustrate this pattern. Some of these allegations are of actions that are repeated over a period of time, *e.g.*, not being promoted, being yelled at, and receiving low scores on evaluations, and some are discrete acts, *e.g.*, being accused of driving while intoxicated. These allegations of a pattern of discriminatory acts by various people do not grow out of nor are they reasonably related to the investigation and conciliation of the EEOC charge that Plaintiff was suspended on December 18, 2002, because of her sex. See *Gibson v. Kas Snacktime Co.,* 83 F.3d 225, 229 (8th Cir. 1996) (holding that a hostile work environment charge alleging continued racial harassment is not related to the claim of a discrete act of demotion).

10. Paragraph 16 thus alleged "wrongful acts" that were ***not*** included in the 2003 EEOC charge, and the Court struck that paragraph from the pleadings in the 2004 Lawsuit, leaving only the one wrongful act claimed in the 2003 EEOC charge.

11. A few months later, Ms. Wallingsford dismissed the 2004 lawsuit pursuant to a Stipulation of Dismissal signed by attorneys for Ms. Wallingsford and the City. (Doc. 53-9.)

### The Underlying Lawsuit

12. The current pleading in the Missouri Circuit Court lawsuit identified in paragraph 26 of Columbia's Statement (the "Underlying Lawsuit") is the First Amended Petition filed on March 30, 2007. (Doc. 44-3).)

13. Count I of that First Amended Petition sets forth the same allegations that originally were set forth in the 2003 EEOC charge and later in paragraphs 14 and 15 of the Complaint in the 2004 federal lawsuit. (*Id.*)

14. Count II of that First Amended Petition alleges the subsequent wrongful acts that were first alleged in the same paragraph 16 that Judge Mummert struck from the Complaint in the 2004 lawsuit. (*Id.*)

15. Counts III through V of that First Amended Petition contain allegations and claims based on alleged wrongful acts that occurred ***after*** the filing of the Complaint in the 2004 federal lawsuit. (*Id.*)

7

16. On December 23, 2011, the Court in the Underlying Action entered judgment granting the City's motion for summary judgment as to Count I of the First Amended Petition and denying summary judgment as all the other counts. (Plaintiff's Statement of Controverted and Uncontroverted Facts in Response to Illinois Union's Motion for Summary Judgment ¶ 26 and Ex. 1 thereto (Doc. 44-4).)

17. Accordingly, the alleged wrongful employment practice set forth in the 2003 EEOC charge has now been dismissed from the Underlying Lawsuit.

Respectfully Submitted,

By: */s/ Michael A. Kahn*
Michael A. Kahn (#35411MO)
mkahn@brickhouselaw.com
Geoffrey G. Gerber (#47097MO)
ggerber@brickhouselaw.com
Peter W. Salsich, III (#44886MO)
psalsich@brickhouselaw.com
The BrickHouse Law Group
   Professional Corporation
1006 Olive Street, Ste. 303
St. Louis, MO 63101
(314) 932-1070
Fax: (314) 932-1078

*Attorneys For Plaintiff City of Maplewood*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 2nd day of April, 2012 on all counsel of record.

*/s/ Michael A. Kahn*
*Attorney for Plaintiff The City of Maplewood, Missouri.*