UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY OF MAPLEWOOD, MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV564 RWS |
| ) | |
| NORTHLAND CASUALTY CO., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

On July 10, 2012, I granted summary judgment to defendants Northland and Illinois Union and ordered additional briefing on defendant Columbia's motion for summary judgment.[1] In particular, I ordered the parties to address the issue of whether plaintiff's claim was precluded as a matter of law because plaintiff failed to provide timely notice of its claim to Columbia. This was the same basis upon which I granted Northland's motion for summary judgment. Columbia responded that it was not entitled to summary judgment on this basis because its policy does not require plaintiff to report the claim during the policy period.[2] This argument, however, appears to be contradicted by the express language of the Columbia policy itself. Page 1 of that policy states that "your insurance is written on a claims-made basis. It provides coverage for claims **made against you occurring and reported during the policy period** shown on the declaration sheet." (emphasis supplied). It also appears to be contradicted by paragraph 2 of Columbia's

---

[1] I will not restate the facts or standards governing summary judgment here.

[2] Columbia states that "the Columbia and Northland policies differ in that the Northland policy is a 'claims first made and reported policy' which also requires that the insured first report the claim to the insurer during the policy period, while the Columbia policy does not contain the same type of reporting requirement."

motion for summary judgment, which describes the policy as "a claims-made-and-reported policy." Columbia issued its policy to the City for the period July 1, 2003 to July 1, 2004, and plaintiff notified Columbia of its claim on June 23, 2006. Columbia does not argue that notice of the claim was timely under any extended policy period.

While I am permitted to grant summary judgment on an argument not advanced by Columbia, see Fed. R. Civ. P. 56(f)(2), I hesitate to do so in this case because of the confusion in the record. Columbia has affirmatively represented to this Court that it has a "claims-made-and-reported" policy, and the policy language clearly states that it only covers claims "occurring and reported" during the policy period. Despite the undisputed nature of these facts, Columbia now argues that its policy does not contain a reporting requirement. Accordingly, I will require Columbia to explain the apparent discrepancies in its filings and to explain in greater detail why it argues that the policy does not contain a reporting requirement when the policy language states that it only applies to "claims occurring and reported during the policy period."

Despite also being provided with notice and opportunity to address this argument, plaintiff chose only to state that Columbia did not argue it applied, so it does not apply. While this approach is understandable given Columbia's response to my prior Order, I want to make it clear: **plaintiff is on notice that I am considering granting summary judgment to Columbia on the ground that plaintiff failed to provide timely notice under a claims made and reported policy, so it should make any arguments opposing this ground in response to this Order.** If plaintiff simply wants to incorporate the same arguments it made in opposition to Northland's motion for summary judgment on this point, that is fine, but it should file a memorandum so stating.

Accordingly,

**IT IS HEREBY ORDERED** that <u>defendant Columbia Casualty shall show cause in writing within ten (10) days of the date of this Order why it has made apparently inconsistent statements to this Court and why it argues that the policy does not contain a reporting requirement when the policy language states that it only applies to "claims occurring and reported during the policy period," all as explained in detail above.</u>

**IT IS FURTHER ORDERED** that <u>plaintiff is on notice that the Court is considering whether to grant summary judgment to defendant Columbia Casualty on the ground that plaintiff failed to provide timely notice under a claims made and reported policy, so it should make any arguments opposing this ground, or file a memorandum incorporating previous arguments made with respect to defendant Northland's motion for summary judgment, within fourteen (14) days of the date of this Order.</u>

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 27th  day of July, 2012.