UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY OF MAPLEWOOD, MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV564 RWS |
| ) | |
| NORTHLAND CASUALTY CO., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on defendant Columbia Casualty's response to the Show Cause Order dated July 27, 2012. Columbia Casualty now contends that it is entitled to summary judgment on the ground that plaintiff did not provide it with timely notice under the claims made insurance policy. It asks that it be allowed to incorporate Northland's argument in support of summary judgment on this point. The Court will permit Columbia Casualty to do this; however, it appears that there is a typographical error on page 3 of Columbia Casualty's response. Columbia Casualty argues that its policy period expired on July 1, 2004, but that it did not receive notice of Wallingsford's claim from plaintiff until June 23, 2006. Columbia Casualty then claims that "the City was required to report Wallingsford's claim to Columbia no later than August 23, 200**6** pursuant to the Reporting Period contained in the policy." If this were true, of course, then plaintiff's claim would be timely.[1] Once again, Columbia Casualty has created confusion in the record where none should exist. Columbia Casualty shall file a corrected copy of its response by no later than noon on August 8, 2012. The corrected copy shall also explain why, if the policy period ended in July, that a claim reported in August would be timely, because

---

[1] The Court believes the year should actually be 2004, not 2006.

once again Columbia Casualty has failed to properly brief its summary judgment argument.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Columbia Casualty shall file a corrected copy of its response to the Order to Show Cause by noon, August 8, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2012.